IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:13-cv-2523

NANCY FLEMING,

    Plaintiff,

v.

HEALTH LANGUAGE, INC., a Delaware Corporation, and MARC HOROWITZ, an individual,

Defendants.

_____

**STIPULATED PROTECTIVE ORDER**
_____

    Counsel for the parties agree as stated herein on conditions for the production of all confidential information. Counsel have further agreed that their agreement may be entered by the Court as his Order.

    1. "Confidential Material" as used in this Protective Order means documents and information (including deposition testimony) produced by any party or witness in the course of discovery which consists of and/or includes Defendants' confidential or proprietary business and financial information, Plaintiff's medical, financial, and personal information, and all other information designated by the producing party as confidential. Designation of confidentiality shall be made on documents by marking on the face of each document the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or by so designating a file or box containing such documents. Any such documents already produced shall be automatically deemed confidential material without further designation. Duplicate

copies of documents or transcripts so designated shall be deemed confidential. Designation of confidentiality shall be made with regard to deposition testimony by a statement on the record or by subsequent correspondence to opposing counsel within fourteen days of receipt of the transcript or entry of this Order, whichever is later. Such designation must identify with reasonable particularity the testimony that is to be designated as confidential.

2. This Protective Order does not restrict the parties as to the procedures to be employed at trial for handling Confidential Material, nor does it affect any party's right to assert that in camera review of information or documents is appropriate for a determination as to discoverability, that other protective orders should be issued, or that other procedures should be employed at hearing regarding Confidential Material.

3. The provisions of this Order shall not affect the admissibility of evidence or any objections to same at trial or in any other proceedings in Court except as may be provided by separate Order or agreement. In addition, nothing herein shall be construed as making any particular information or document discoverable in this action which might otherwise be objectionable. All Confidential Material provided by any party or witness shall be used solely for the prosecution or defense of this action and shall not be disclosed in any manner to anyone other than the parties or the law firms of record for the parties herein and legal assistants or other regular law firm employees who are involved in the prosecution or defense of this action. Counsel shall instruct all such persons to themselves maintain the confidentiality of Confidential Material pursuant to the terms of this Protective Order, and shall furnish to all such persons a copy of this Order.

4. Any filing with the Court of Depositions, Exhibits or Pleadings containing Confidential Materials shall be under seal.

5. Upon final disposition of this Action, all Confidential Materials produced pursuant to this Protective Order and all copies, excerpts or extracts (excluding excerpts or extracts incorporated into any privileged memoranda of the parties), except for such material which has become part of the record in this action, shall be returned or destroyed as agreed at that time by the person producing the material.

The undersigned counsel for the parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this order.

It is specifically ordered by the Court that production of the Confidential Material is not deemed a waiver of the privileged status of the material.

DATED this 4th day of February, 2014.

BY THE COURT:
s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge

Approved: February 4, 2014

*/s/ Elizabeth L. ("Booka") Smith*
Elizabeth L. ("Booka") Smith, No. 30412
Randolph H. Freking, No. 40871
FREKING & BETZ, LLC
999 18th Street
Denver, Colorado 80202
Telephone: (303) 357-2355
*booka@frekingandbetz.com*
*rfreking@frekingandbetz.com*
Attorneys for Plaintiff

*/s/ Bruce Anderson*
Bruce Anderson
Fisher & Phillips, LLP
1801 California Street
Suite 2700
Denver, Colorado 80202
Telephone: (303) 218-3650/Fax: (303) 218-3651
*banderson@laborlawyers.com*